THE PEOPLE OF THE STATE OF NEW YORK ex rel. BESSIE HYMAN, Relator, *v*. JOHN P. LEO et al., Constituting the Board of Appeals of the City of New York, Respondents.

(Supreme Court, New York Special Term, July, 1919.)

Garage — what is not an existing — building zone resolution of June 25, 1916, § 7(e).

Appeal — to board of standards and appeals — garage — certiorari — building zone resolution of June 25, 1916, §§ 4(15), 7(e).

A garage in course of construction during a period of two years and uncompleted is not an existing garage within the meaning of section 7(e) of the New York city building zone resolution of June 25, 1916.

A permit for the alteration of a building in the city of New York into a garage was refused on the ground that the premises were located within a business district and that the erection of such a garage would be in violation of section 4(15) of the building zone resolution of June 25, 1916. Upon appeal the board of standards and appeals granted the application under section 7(e) of said building zone resolution on condition that the necessary permits for the prosecution of the work be obtained within nine months and the building completed within eighteen months of the determination of said board of appeals. *Held,* upon reversing upon certiorari the resolution of the board of appeals, that the matter before it was to be determined upon the conditions as they existed in the block at the time the appeal was taken.

CERTIORARI proceeding.

Abraham J. Halprin, for plaintiff.

William T. Kennedy, assistant corporation counsel, for respondent.

Jacob I. Berman, for lessee.

Greenbaum, J. The relator, who is the owner of premises No. 3 West One Hundred and Fifteenth street, New York city, seeks to review in this proceeding the action of the defendants in granting to the owner of premises Nos. 5–7–9 West One Hundred and Fifteenth street permission to convert said premises, now used as a public market, into a garage. The superintendent of buildings refused to grant a permit for proposed alterations upon the ground that the premises proposed to be altered were located within a business district, and that the erection of a garage would be in violation of section 4, subdivision 15, of the building zone resolution adopted June 25, 1916, which provides: " Sec. 4. Business Districts (a). In a business district no building or premises shall be used and no building shall be erected which is arranged, intended or designed to be used, for any of the following specified trades, industries or uses. \* \* \* (15) Garage for more than five motor vehicles \* \* \*." The owners of premises Nos. 5–7–9 West One Hundred and Fifteenth street thereupon appealed to the defendants herein, who constitute the board of appeals. The appeal rested upon two grounds, only one of which needs here to be considered. Section 7 of the building zone resolution makes provision for certain exceptions to the use districts laid down in the other portions of the resolution, in the following language: " The board of appeals, created by chapter 503 of the Laws of 1916, may in appropriate cases,

after public notice and hearing, subject to appropriate conditions and safeguards, determine and vary the application of the use district regulations herein established in harmony with their general purpose and intent, as follows:    *    *    *    (e) Permit in a business district the erection or extension of a garage or stable in any portion of a street between two intersecting streets in which portion there exists a garage for more than five motor vehicles, or a stable for more than five horses, at the time of the passage of this resolution.'' Opposite the premises in question there was and still is a partially constructed building intended to be five and six stories high, and to be used as a public garage. After carrying the first story wall up to the level of the second floor beams no substantial work was done thereon and the building is an uncompleted structure. The plans for this building had been approved by the superintendent of buildings some time in 1916, before the passage of the building zone resolution. The appellant argued before the board of appeals that he came within section 7, subdivision e, because a garage already existed upon the block at the time of the passage of the resolution.  Upon motion duly made the board of standards and appeals '' resolved that the application be, and it hereby is, granted under section 7 of the building zone resolution on condition that the necessary permits for the prosecution of the work be obtained within 9 months, and the building be completed within 18 months of the date of this action.''  Five members of the board voted in the affirmative and the chairman in the negative.  The sole question to be determined is whether or not a garage under construction and not completed may be considered as an existing garage within the meaning of section 7, subdivision e.  That section uses the word '' exists.''  It is difficult to see how it can be said that

a garage under construction for a period of three years is a garage which "exists." In its present condition the structure is unusable as a garage, and, moreover, may never be completed or used for garage purposes. The board of appeals is strictly limited in its powers, and must determine the matter before it upon the conditions as they existed in the block at the time the appeal was taken. It follows that the writ should be sustained, with costs, and the resolution of the board of standards and appeals reversed.

Writ sustained, with costs.